IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLIED CAPITAL, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| LTS ASSOCIATE, INC., | § § § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This suit concerns alarm monitoring patents owned by Applied Capital, Inc., including, for example, United States Patent Number 9,728,082 ("'082 Patent"). Applied Capital is a commercial finance company started in 1998 by Jim Scott and Sara Douglas of New Mexico. Bringing the alarm monitoring inventions to market was an important part of Jim's vision as he led Applied Capital for the past 20 years.

Sadly, Jim passed away in March of 2024 after battling an aggressive brain tumor. Jim was beloved as a father, husband, uncle, sibling, and friend. He was an expert sailor, die-hard snowboarder, world-class mountain climber, competitive runner, and photographer. Jim was a trailblazer that taught and inspired so many during his journey through life. He lives on through his daughter, wife, family, and friends. R.I.P.

Plaintiff further alleges as follows:

1

## THE PARTIES

1. Plaintiff, a commercial finance company, provides debt financing to clients across the United States and Canada. Founded in 1998, Plaintiff is organized under the laws of the State of New Mexico. For the past 20 years, Plaintiff's business has included financing the commercialization and patenting of innovations described and claimed in a family of alarm monitoring patents, including the '082 Patent. Plaintiff is the exclusive owner of all right, title, and interest in each patent.

2. Defendant, a for-profit corporation formed and existing under the laws of the State of Delaware, promotes and sells video surveillance solutions for security professionals, including through the website ltsmall.com. Defendant incorporated on or about October 31, 2018. Defendant's business involves promoting, selling, and supporting, access control and video surveillance infrastructure and software, including products sold under the names "X-VMS", "VSVMS-10K", and "VSVMS-2000". Defendant's customers are security system resellers, designers, and installers. Defendant teaches its customers how to install and use the products it sells. Defendant maintains sales and technical support teams in offices in the United States. Defendant has offices located at 8634 Westpark Drive, Houston, Texas, 77063 and 1100 Valwood Parkway, Suite 112, Carrollton, Texas, 75006.

## JURISDICTION AND VENUE

3. The United States District Court for the District of Delaware has jurisdiction over the subject matter of this action. United States district courts have original jurisdiction of claims arising out of federal law, including patent law. 28 U.S.C. § 1331; 28 U.S.C. § 1338(a). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. The United States District Court for the District of Delaware has personal jurisdiction over Defendant, and venue is proper. 35 U.S.C. § 1400(b). As a corporation formed and existing under the laws of the State of Delaware, Defendant resides in Delaware and thus in this District.

## ILINKX

5. Following the attacks of September 11, 2001, Rodney Fox, a former security systems installer, recognized that first responders on the scene of a building emergency needed a better way to understand the layout, conditions, and challenges of an emergency situation in real time. At the time, first responders had no way to visualize the information tracked by on-site security and alarm panels, which were designed to monitor sensors installed in various zones of commercial buildings.

6. Recognizing first responders needed enhanced situational awareness, Fox developed a hosted software application he marketed under the name "iLinkx."

Fox designed iLinkx as a electronic map-based interface that could be transmitted to first responders over a network with real-time data from building alarm panels in order to "unleash the power to display critical information as it occurs, in real time with just a few simple clicks."

7. Fox described iLinkx in two provisional patent applications filed with the United States Patent Office. The first, United States Provisional Patent Application Number 61/147,948, was filed on January 28, 2009 and is associated with Attorney Docket Number "ILNX-1-1001" ("January 2009 Provisional"). The second, United States Provisional Patent Application Number 61/228,044, was filed on July 23, 2009 and is associated with Attorney Docket Number "ILNX-1-1002" ("July 2009 Provisional").

8. Exhibit 4 to this complaint is a certified, true copy of the file wrapper and contents of the January 2009 Provisional. Exhibit 5 to this complaint is a certified, true copy of the file wrapper and contents of the July 2009 Provisional.

9. In what appears to be promotional material for a product or service called "iLinkx", the January 2009 Provisional includes an informational graphic that, among other things, appears to show: (1) a computer screen displaying an image of a multi-level building (and premises) in a screen of an executing application, (2) a computer (or like structure) below the computer screen; and, in the background of the informational graphic, (3) a floor plan with a point labeled "YOU ARE HERE".

Fire & Security Alarms – Carbon Monoxide - Hazardous Materials – As-Built Drawings – Evacuation Routes – Utility Disconnects



Because life can change in the blink of an i

### iLinkx is your connection to critical information

Use your existing network connection and unleash the power to display critical information as it occurs, in real time with just a few simple clicks. *iLinkx* is ideal for Authorities, Management, and other First Responders. It's a useful tool for conducting maintenance or code compliance testing.

Today's technology offers mobility and *iLinkx* has made that mobility affordable. So the next time you receive a critical signal, simply make a few simple clicks and display it, because life can change in the blink of an i



YOU ARE HERE        Fire Alarm Plan – Main Level

Contact Us: 3848 E. Lookout Drive, Coeur d'Alene, Idaho 83815 Phone 800-788-8016 Fax: 800-788-8017 ilinkx@sprynct.com

10. The floor plan appears to define the boundaries of various rooms, corridors, and spaces using line segments. Circular symbols are positioned at points in various corridors of the floor plan. A polygon having a rectangular shape appears to be overlaid over the floor plan and around one such circular symbol. The sides of the polygon form a rough outline around a circular symbol that is positioned in the corridor that runs vertically near the center of the floor plan. The polygon is positioned in an area that spans portions of said corridor and portions of the rooms on either side of its walls. Both the polygon outline and the portions of floor plan occupying the same area are visible. The parametric curve extends from a point located on the floor plan and reaches approximately the middle of the upper edge of a text label that reads "YOU ARE HERE". The parametric curve crosses through areas occupied by spaces defined in the floor plan. Both the parametric curve and the portions of the floor plan occupying the same area are visible.

11. The July 2009 Provisional states "[0004] In some embodiments, the system receives a signal, identifies a field device, obtains critical information associated with the field device, automatically dispatches a text message containing the critical information, and automatically dispatches an email having text and/or color graphic images/PDF documents containing the critical information, and automatically archives data relating to the signal and dispatch of the critical

information. Accordingly, the system can reduce response time by promptly providing critical information to a first responder."

12.     The July 2009 Provisional states "The system shall support multiple graphic file formats. Files shall be attached to an incoming alarm and linked in a hierarchy so navigation can be performed by the operator. This shall enable the system to receive an alarm and automatically display a street map and/or subsequent graphics of the building, wing, floor, room, and finally to the device icon."

13.     The July 2009 Provisional also states "In an emergency situation, multiple hierarchical graphics shall provide the dispatchers with the most accurate and efficient method of understanding the physical situation of an event."

## U.S. PATENT NO. 9,728,082 AND RELATED PATENTS

14.     United States Patent No. 9,728,082, titled "Premises monitoring system," was issued on August 8, 2017. The '082 Patent issued from United States Patent Application No. 13/767,580, which was filed on February 14, 2013 as a continuation of United States Patent Application No. 12/695,373, now United States Patent No. 8,378,817 ("'817 Patent"), which claims priority to the January 2009 Provisional and the July 2009 Provisional.

15.     United States Patent No. 10,255,800, titled "Premises monitoring system," was issued on April 9, 2019 ("'800 Patent"). The '800 Patent issued from United States Patent Application No. 15/642,023, which was filed on July 5, 2017

as a continuation of United States Patent Application No. 13/767,580, now the '082 Patent, which claims priority to the January 2009 and July 2009 Provisionals.

16. <u>Exhibit 2</u> to this complaint is a certified, true copy of the '082 Patent. <u>Exhibit 3</u> to this complaint is a certified, true copy of the '800 Patent. <u>Exhibit 6</u> to this complaint is a certified, true copy of the '817 Patent.

17. The '082 Patent, '800 Patent, and '817 Patent each claim patent-eligible subject matter, and each patent is valid and enforceable.

18. Rodney Fox is the named inventor listed on each patent.

19. Plaintiff is the owner of all rights, title, and interest in and to the '082 Patent, the '800 Patent, and the '817 Patent.

20. Defendant is not licensed to the '082 Patent, either expressly or implicitly. Defendant is not licensed to the '800 Patent, either expressly or implicitly. Defendant is not licensed to the '817 Patent, either expressly or implicitly. Nor does Defendant enjoy or benefit from any rights in or to such patents whatsoever.

## THE ACCUSED PRODUCTS

21. In or about 2018 or 2019, Defendant began promoting and selling surveillance management software and servers under names or identifiers such as X-VMS, VSVMS-10K, and VSVMS-2000 (each an "X-VMS Product"). Each X-VMS Product is accused of infringement in this case.

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,728,082

22. Plaintiff repeats and re-alleges each allegation of the prior paragraphs as though set forth fully herein.

23. Each X-VMS Product infringes at least claim 1 of the '082 Patent. The invention recited in claim 1 of the '082 Patent concerns a non-volatile and non-transient computer-readable medium comprising machine-executable code.

24. Claim 1 of the '082 Patent recites, among other things, "code receiving one or more signals containing a device identifier and a device condition from one or more remote alarm monitoring systems."

25. Each X-VMS Product includes a client/server software called Control Client along with other machine-executable code for receiving signals containing a device identifier and a device condition from a remote alarm monitoring system. Each X-VMS Product provides functionality for monitoring events received from encoding devices (cameras, NVRs, DVRs), security control devices, access control devices, and other resources. Each X-VMS Product provides allows users to define alarms, which can be detected and triggered when incoming events match configured expression. When an X-VMS Product detects an alarm, the Control Client receives the alarm details, which include an event source and a triggering event. The event source element of an alarm refers to the device which detects the triggering event, and thus it embodies "a device identifier" as recited by claim 1 of the '082 Patent.

The triggering event element of an alarm indicates the specific event type detected by the event source will trigger an alarm, and thus it embodies "a device condition" as recited by claim 1 of the '082 Patent.

26. Claim 1 of the '082 Patent recites, among other things, "code determining one or more communication methods and communication destinations based on the device identifier and the device condition."

27. Each X-VMS Product includes code for determining one or more communication methods and communication destinations based on the device identifier and the device condition. The rule of an alarm includes an event (event source, triggering event), as well as other properties, including elements that control who can receive notification of the alarm and its details in the Control Client. The alarm property "recipient" defines users who can receive notification of a triggered alarm and check its details upon logging in to the X-VMS Product via the Control Client. In particular, users can be assigned to roles that have permissions to receive via the Control Client notification of an alarm and its details. Each X-VMS Product includes code for checking which users are assigned to roles that can receive via the Control Client notification of an alarm associated with an event specified in the alarm rule. Such code embodies "code determining one or more communication methods and communication destinations based on the device identifier and the device condition."

28. Claim 1 of the '082 Patent recites, among other things, "code retrieving enhanced information based on the device identifier and the device condition" and "wherein the retrieving enhanced information based on the device identifier and the device condition comprises retrieving images based on the device identifier and the device condition, the images comprising all of the members selected from the group consisting of superimposed visual indicators, hierarchically organized graphical images, and vector-based graphical images."

29. Each X-VMS Product includes a client/server software called Control Client along with other machine-executable code for retrieving images associated with a device identifier and device condition, where the images include superimposed visual indicators, hierarchically organized graphical images, and vector-based graphical images. Each X-VMS Product allows a user to associate an alarm with an e-map. On the e-map, which is a static map, a user can set and view the geographic locations of installed cameras, alarm inputs, and other device by adding them to the map as hot spots. An e-map gives a user a visual overview of the locations and distributions of the hot spots (e.g., camera, alarm input, device) placed on the map. A user can add hot regions or hot zones to an e-map in order to provide a linkage from that e-map to another e-map. The area and shape of a hot spot can be set and adjusted by dragging the vertices of a polygon over the map into the desired outline. Using the hot region function, e-maps can be organized into hierarchies that

enable the alarm recipient to navigate from large perspectives to detailed perspectives, e.g., from floor level to room level. Hot spots defined on an e-map embody "superimposed visual indicators." Hot regions or hot zones defined on an e-map embody "vector-based graphical images." Hot regions or hot zones defined on a map and linked to child e-maps embody "hierarchically organized graphical images." When an X-VMS Product detects an alarm that has a map associated with it, the Control Client or other code retrieves the map, which includes retrieving the hot spots, hot regions or hot zones, and child e-maps that are defined on or accessible through the retrieved map.

30. Claim 1 of the '082 Patent requires, among other things, "and code dispatching the enhanced information to the one or more communication destinations using the one or more communication methods."

31. Each X-VMS Product includes a client/server software called Control Client along with other machine-executable code for dispatching enhanced information to the one or more communication destinations using the one or more communication methods. In particular, the Control Client or other code retrieves a parent e-map associate with a detected alarm event—which includes retrieving the hot spots, hot regions or hot zones, and child e-maps that are defined on or accessible through the parent e-map—and dispatches the retrieved information to the user using the Control Client.

32.     Plaintiff adopts and incorporates by reference, as if fully stated herein, the claim chart attached hereto as <u>Exhibit 1</u>. The claim chart describes and demonstrates how each X-VMS Product infringes claim 1 of the '082 Patent.

33.     At one or more times since 2019, Defendant has directly infringed and continues to directly infringe claim 1 of the '082 Patent by selling and offering for sale X-VMS, VSVMS-10K, VSVMS-2000, or any other X-VMS Product to customers in the United States in violation of 35 U.S.C. § 271(a).

34.     Plaintiff is entitled to damages adequate to compensate for Defendant's direct infringement in an amount no less than a reasonable royalty for Defendant's use, together with interests and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for entry of judgment against Defendant, such judgment including:

A.     A declaration that Defendant has directly infringed one or more claims of the '082 Patent, in violation of 35 U.S.C. § 271(a).

B.     Upon proof of Defendant's infringement, an injunction permanently enjoining Defendant from making, using, selling, offering to sell, or importing, in or into the United States, any X-VMS Product, including without limitation X-VMS, VSVMS-10K, and VSVMS-2000.

C. An award of damages to Plaintiff for Defendant's infringement, in an amount no less than a reasonable royalty.

D. An award of enhanced damages under 35 U.S.C. § 284 upon proof.

E. Prejudgment interest in an amount according to proof.

F. Attorneys' fees and costs as permitted by law.

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Respectfully Submitted,

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
**Stamoulis & Weinblatt LLC**
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Plaintiff*
*Applied Capital, Inc.*

OF COUNSEL:

Chijioke E. Offor (TX 24065840)
Chris Evans (TX 24058901)
**OFFOR EVANS PLLC**
1122 Jackson Street Unit 901
Dallas, Texas 75202
(214) 593-9121
chiji@offorevans.com
chris@offorevans.com

*Attorneys for Plaintiff*
*Applied Capital, Inc.*